IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 21-4701 |
| | : | |
| CVS RX SERVICES, INC., et al. | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                            **January 26, 2022**

The City of Philadelphia brings this action against several pharmaceutical distributors and retailers for their role in allegedly creating and exacerbating the opioid epidemic in Philadelphia. The City moves to remand the case to state court arguing this Court lacks jurisdiction. Because the Court perceives no grounds for federal jurisdiction, the Court will grant the Motion and remand the case to the Philadelphia County Court of Common Pleas.

**PROCEDURAL BACKGROUND**

The City of Philadelphia filed this action in the Philadelphia County Court of Common Pleas on September 28, 2021. The Complaint states claims for public nuisance (Count I), violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) (Count II), and unjust enrichment (Count III). These are Pennsylvania state law claims. Defendants removed the case to federal court on October 26, 2021.[1]

Defendants claim the Court has jurisdiction over the case on two grounds. Defendants first argue the Complaint's reference to Defendants' duty under the federal Controlled Substances Act (CSA) creates federal question jurisdiction under 28 U.S.C. § 1331. Defendants also claim this

---

[1] The Defendants in this case are subsidiaries of the CVS, Rite Aid, Wal-Mart, and Acme corporations. CVS Defendants removed the case and oppose the City's motion to remand. The Court will refer to "Defendants" collectively with the understanding that CVS Defendants are the only moving parties.

case is independently removable under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). CAFA provides federal jurisdiction over certain class actions—even state class actions—provided certain requirements are met.

The City moved to remand the case on October 27, 2022, arguing the Court lacks jurisdiction. Defendants oppose the motion and ask the Court to stay the proceedings until the Judicial Panel on Multidistrict Litigation (JPML) issues a ruling on Defendants' motion to transfer the case to the National Prescription Opiate Litigation MDL. *See In re National Prescription Opiate Litigation*, Case No. 17-md-2804 (N.D. Oh. 2017). The City opposes the motion to stay. The Court held a telephonic oral argument on the motions on November 29, 2021.

**DISCUSSION**

The Complaint discusses Defendants' duty as pharmaceutical distributors under the Controlled Substances Act (CSA) to support its allegations that Defendants are liable for its state law claims. This is insufficient to create federal question jurisdiction. This case is not a class-action and is not removeable under the Class Action Fairness Act (CAFA). Because the Court has no other grounds for federal jurisdiction, removal was improper and the Court must remand the case.

A state court action may be removed to federal court provided the federal court has original jurisdiction at the time of removal. 28 U.S.C. § 1441. The federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. "Whether a claim 'arises under' federal law for purposes of § 1331" is governed by the "well-pleaded complaint rule." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Where a complaint alleges only state law claims, federal question jurisdiction can arise only if "the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677,

690 (2006) (citation omitted). The Supreme Court addressed the foreseeable situation where a plaintiff references a federal statute to support a state cause of action and explained,

> The violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings . . . A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts . . . *Merrell Dow* thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law 'solely because the violation of the federal statute is said to [create] a rebuttable presumption of negligence under state law.

*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 319 (2005) (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). Reference to a federal statute to establish a violation of a duty of care is usually insufficient to establish federal question jurisdiction. However, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn* v. *Minton*, 568 U.S. 251, 258 (2013).

The City's reference to the CSA, without more, does not establish federal question jurisdiction. The CSA does not provide a civil cause of action, nor does the City allege one. The Complaint discusses the CSA only as a potential basis—among others—for establishing Defendants' liability under Pennsylvania state tort law. The Complaint sets forth extensive factual allegations and alternative legal theories to support its claims for public nuisance, unjust enrichment, and violations of the Pennsylvania UTPCPL statute. The issue of Defendants CSA obligations therefore will not necessarily be raised. While the Court is capable of resolving these CSA issues should they arise as this litigation proceeds, Defendants' obligations under the CSA are only a small portion of this case, which is overwhelmingly based on state law.

3

This case is also not removeable under the Class Action Fairness Act (CAFA). CAFA provides the district courts "shall have original jurisdiction of any civil action in which the amount in controversy [exceeds $5,000,000] and is a class action." 28 U.S.C. § 1332(d). The statute defines a class action as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

This case is not a class action. It was not filed under Rule 23 or any similar state statute or rule of judicial procedure. The City is a single, municipal plaintiff. The City seeks to recover damages for itself. The Complaint contains no class-specific allegations and does not offer a definition of a proposed class. This action does not prevent any injured Philadelphian from bringing an action against the same Defendants. The City's alleged damages are different in kind than any resident who may have been impacted by the opioid crisis and Defendants' alleged role in exacerbating it. The City therefore is not a representative. In short, this case does not meet the requirements of Rule 23 or any similar provision under state law. Several district courts around the country have reached a similar conclusion in municipal opioid suits. *See, e.g., City of Holly Springs v. Johnson & Johnson*, 477 F. Supp. 3d 547, 554–55 (N.D. Miss. 2020) (collecting cases).

Around the country, municipalities have filed lawsuits seeking to hold opioid manufacturers, distributors, and retailers liable for the opioid epidemic ravaging their communities. While no two cases are identical, these cases share certain characteristics. Townships, counties, and other organizations seek to hold pharmaceutical companies liable for the injury experienced by the government in responding to the epidemic. The National Prescription Opiate MDL was formed to help bring uniformity to this vast sea of litigation, although some cases have proceeded alone or in state consolidated proceedings.

Several municipal opioid cases were previously before this Court. In two cases, the Court granted the defendants' motions to stay the proceedings while the JPML decided whether to transfer the case to the MDL. Those cases were eventually transferred. In the remaining cases, the JPML transferred the case before the Court ruled on the motions to remand. Defendants ask the Court to do what it has done in the past, either stay the proceedings or abstain from ruling on the motion to remand so the JPML can rule on the defendants' transfer motion.

In each of these cases, the plaintiff's motion to remand presented the precise legal issue pending in this case: whether the Class Action Fairness Act (CAFA) authorizes removal in cases where a municipality sues an opioid distributor.  In the first two cases, the Court stayed the proceedings precisely so that the MDL court could decide this issue. The Court explained,

> [T]he question of whether removal under CAFA is appropriate has already arisen in several cases that have been or will be soon transferred to the MDL, a stay would promote judicial economy by conserving the parties' resources, avoiding duplicative litigation, and preventing inconsistent rulings. Although [Plaintiff] argues the Court should consider jurisdictional issues before ruling on the motion to stay, deferring to a single court—the MDL court—for resolution of the motion to remand serves the goal of judicial economy and provides the opportunity for uniformity in this case.

*Delaware County* v. *Purdue Pharma L.P.*, 2:18-cv-05627 (E.D. Pa., Mar. 12, 2019) ECF No. 51. The Court issued a nearly identical order in *Carbon County v. Purdue Pharma L.P.*, 2:18-cv-05625 (E.D. Pa. Mar. 12, 2019).  There were seven cases filed since *Delaware County* and *Carbon County*, and the JPML transferred each case before the Court was able to confront the CAFA removability issue presented in the municipality's motion to remand.[2]

---

[2] *See Adams County* v. *Purdue Pharma L.P., et al.*, 2:19-cv-04438 (E.D. Pa.); *Bedford County* v. *Purdue Pharma L.P., et al.*, No. 2:20-cv-01385 (E.D. Pa.); *Lower Makefield Township* v. *Purdue Pharma L.P., et al.*, No. 2:20-cv- 3695 (E.D. Pa.); *Laborers' District Council Building And Construction Health And Welfare Fund v. Purdue Pharma L.P., et al.*, No. 2:20-cv-4804 (E.D. Pa.); *Sheet Metal Workers Local 19 Health Fund* v. *Purdue Pharma L.P., et al.*, No. 2:20-cv-4805 (E.D. Pa.); *District Attorney of Clearfield County* v. *Purdue Pharma L.P., et al.*, No. 2:20-

The Court is required, however, to adjudicate the jurisdictional disputes before it. While the Court previously deferred resolution of this legal question in the interest of judicial economy, avoiding duplicative litigation, and preventing inconsistent rulings, several years have elapsed without binding guidance. The MDL court has not yet ruled on this issue, shows no indications that it will lift the moratorium prohibiting the filing of all motions to remand, and thus, appears unlikely to address this question. In the meantime, several district courts around the country have ruled CAFA does not confer jurisdiction in cases with a singular governmental plaintiff.

The Court is required to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court is therefore compelled to rule on the City's motion in this case, despite the alleged inconsistency with the cases cited by Defendants.

**CONCLUSION**

The Court lacks jurisdiction to hear this case. Removal was therefore improper. The Court will grant the City's motion and remand the case to the Philadelphia Court of Common Pleas for further proceedings. The City's motion to stay proceedings is dismissed as moot.

An appropriate order follows.

BY THE COURT:

  /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

cv-5171 (E.D. Pa); *Asbestos Workers Local Union No. 2 Welfare Fund* v. *Allergan, PLC f/k/a Actavis PLC, et al.*, No. 2:20-cv-5191 (E.D. Pa.).